# United States Bankruptcy Court
### Northern District of Illinois
### Eastern Division

# VOLUNTARY PETITION

**IN RE:** (Name of debtor - If individual, enter: Last, First, Middle)
**Dulek, Helen**

**NAME OF JOINT DEBTOR** (Spouse)(Last, First, Middle)

**ALL OTHER NAMES** used by debtor in the last 6 years (inc. married, maiden, and trade names)

**ALL OTHER NAMES** used by joint debtor in the last 6 years (inc. married, maiden, and trade names)

**SOC. SEC./TAX I.D. NO.** (If more than one, state all)
**XXX-XX-1058**

**SOC. SEC./TAX I.D. NO.** (If more than one, state all)

**STREET ADDRESS OF DEBTOR** (No. and street, city, state and zip code)
**226 Nauvoo**
**Park Forest, IL. 60466**

*Chapter 13W/No Plan*

**STREET ADDRESS OF JOINT DEBTOR** (No. and street, city, state and zip code)

**COUNTY OF RESIDENCE/BUSINESS:** Will

**COUNTY OF RESIDENCE/BUSINESS:**

**MAILING ADDRESS OF DEBTOR** (If different from street address)

**MAILING ADDRESS OF JOINT DEBTOR** (If different from street address)

**LOCATION OF PRINCIPAL ASSETS OF BUSINESS DEBTOR** (If other than street address)

**VENUE** (Check one box)
[X] Debtor has been domiciled or has had a residence, principal place of business, or principal assets in this District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District.
[ ] There is a bankruptcy case concerning debtor's affiliate, general partner, or partnership pending in this District.

**INFORMATION REGARDING DEBTOR** (Check applicable boxes)

**TYPE OF DEBTOR** (Check one box)
[X] Individual
[ ] Joint (Husband & Wife)
[ ] Partnership
[ ] Other _____
[ ] Corporation Publicly Held
[ ] Corporation Not Publicly Held
[ ] Municipality

**CHAPTER OR SECTION OF BANKRUPTCY CODE FOR PETITION** (Check one box)
[ ] Chapter 7   [ ] Chapter 11   [X] Chapter 13
[ ] Chapter 9   [ ] Chapter 12   [ ] Sec. 304

**SMALL BUSINESS** (Chapter 11 only)
[ ] Debtor is a small business as defined in 11 U.S.C. § 101.
[ ] Debtor is and elects to be considered a small business under 11 U.S.C. § 1121(e). (opt'l)

**NATURE OF DEBT** (Check one box)
[X] Non-Business/Consumer
[ ] Business - Complete A&B below

**A. TYPE OF BUSINESS** (Check one box)
[ ] Farming          [ ] Transportation        [ ] Commodity Broker
[ ] Professional     [ ] Manufacturing/Mining  [ ] Construction
[ ] Retail/Wholesale                           [ ] Real Estate
[ ] Railroad         [ ] Stockbroker           [ ] Other Business

**FILING FEE** (Check one box)
[X] Filing fee attached
[ ] Filing fee to be paid in installments. (Applicable to individuals only.) Must attach signed application for the court's consideration certifying that the debtor is unable to pay fee except in installments. Rule 1006(b); see Official Form No. 3

**B. BRIEFLY DESCRIBE NATURE OF BUSINESS**

**NAME AND ADDRESS OF LAW FIRM OR ATTORNEY**
**Law Offices of Martin Y. Joseph**
**1541 W. Chicago Avenue**
**Chicago, Illinois 60622**

**Telephone No: (312)243-0050**
**NAME(S) OF ATTORNEY(S) DESIGNATED TO REPRESENT THE DEBTOR**
**Martin Y. Joseph 01369563**

**STATISTICAL/ADMINISTRATIVE INFORMATION** 28 U.S.C. § 604
(Estimates only) (Check applicable boxes)

[ ] Debtor is not represented by an attorney. Telephone No. of Debtor not represented by an attorney:

[X] Debtor estimates that funds will be available for distribution to unsecured creditors.
[ ] Debtor estimates that, after any exempt property is excluded and administrative expenses paid, there will be no funds available to unsecured creditors.

**ESTIMATED NUMBER OF CREDITORS**
| 1-15 | 16-49 | 50-99 | 100-199 | 200-999 | 1000-over |
|---|---|---|---|---|---|
| [X] | [ ] | [ ] | [ ] | [ ] | [ ] |

**ESTIMATED ASSETS** (in thousands of dollars)
| Under 50 | 50-99 | 100-499 | 500-999 | 1000-9999 | 10,000-99,000 | 100 |
|---|---|---|---|---|---|---|
| [ ] | [ ] | [X] | [ ] | [ ] | [ ] | |

**ESTIMATED LIABILITIES** (in thousands of dollars)
| Under 50 | 50-99 | 100-499 | 500-999 | 1000-9999 | 10,000-99,000 | 100 |
|---|---|---|---|---|---|---|
| [ ] | [ ] | [X] | [ ] | [ ] | [ ] | |

**EST. NO. OF EMPLOYEES - CH. 11 & 12 ONLY**
| 0 | 1-19 | 20-99 | 100-999 | 1000-over |
|---|---|---|---|---|
| [ ] | [ ] | [ ] | [ ] | [ ] |

**EST. NO. OF EQUITY SECURITY HOLDERS - CH. 11 & 12 ONLY**
| 0 | 1-19 | 20-99 | 100-999 | 1000-over |
|---|---|---|---|---|
| [ ] | [ ] | [ ] | [ ] | [ ] |

U.S. Bankruptcy Court
Northern District Of Illinois
Filed: 10/15/2004
Time: 15:48:56
Debtor: HELEN DULEK
Case: 04-38501   Fee : 194
Chapter: 13 Rec. # : 3106518
Judge: Bruce Black
341 mtg: 11/17/2004 @ 01:00PM
ConfHrg: 12/03/2004 @ 11:00AM
Trustee: GLENN STEARNS

1:04BK38501-BK001

FORM 1. VOLUNTARY PETITION – Page 2

Name of Debtor(s): Helen Dulek

Case Number: _____

## FILING OF PLAN

For Chapter 9, 11, 12 and 13 cases only. Check appropriate box.

[ ] A copy of debtor's proposed plan dated _____ is attached.

[X] Debtor intends to file a plan within the time allowed by statute, rule, or order of the court.

### PRIOR BANKRUPTCY CASE FILED WITHIN LAST 6 YEARS (if more than one, attach additional sheet)

| Location Where Filed | Case Number | Date Filed |
|---|---|---|
| See Attached Sheet | | |

### PENDING BANKRUPTCY CASE FILED BY ANY SPOUSE, PARTNER, OR AFFILIATE OF THE DEBTOR (if more than one, attach additional sheet)

| Name of Debtor | Case Number | Date |
|---|---|---|
| NONE | | |

| Relationship | District | Judge |
|---|---|---|
| | | |

### REQUEST FOR RELIEF

Debtor is eligible for and requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

## SIGNATURES

ATTORNEY: *Martin Y. Joseph* (signed)
Date: 10/15/04

### INDIVIDUAL/JOINT DEBTOR(S)

I declare under penalty of perjury that the information provided in this petition is true and correct.

X *Helen Dulek* (signed)
Signature
Helen Dulek
Date: 10/15/04

X **Not Applicable**
Signature of Joint Debtor

Date: _____

### CORPORATE OR PARTNERSHIP DEBTOR

I declare under penalty of perjury that the information provided in this petition is true and correct and that I have been authorized to file this petition on behalf of the debtor.

X **Not Applicable**
Signature of Authorized Individual

**Not Applicable**
Print or Type Name of Authorized Individual

**Not Applicable**
Title of Individual Authorized by Debtor to File This Petition

Date: _____

If the debtor is a corporation filing under chapter 11, Exhibit "A" is attached and made part of this petition.

### TO BE COMPLETED BY INDIVIDUAL CHAPTER 7 DEBTOR WITH PRIMARILY CONSUMER DEBTS (See P.L. 98-353 § 322)

I am aware that I may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, understand the relief available under each such chapter, and choose to proceed under chapter 7 of such title.

If I am represented by an attorney, Exhibit "B" has been completed.

X **Not Applicable**
Signature of Debtor              Date

X **Not Applicable**
Signature of Joint Debtor         Date

### CERTIFICATION AND SIGNATURE OF NON-ATTORNEY BANKRUPTCY PETITION PREPARER (See 11 U.S.C. § 110)

I certify that I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110, that I prepared this document for compensation, and that I have provided the debtor with a copy of this document.

**Not Applicable**
Printed or Typed Name of Bankruptcy Petition Preparer

**Not Applicable**
Social Security Number

_____
Address

_____
Telephone

Name and Social Security number of all other individuals who prepared or assisted in preparing this document:
**Not Applicable**

If more than one person prepared this document, attach additional signed sheets conforming to the appropriate Official Form for each person.

X **Not Applicable**
Signature of Bankruptcy Petition Preparer

A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both. 11 U.S.C. § 110; 18 U.S.C. § 156.

### EXHIBIT "B"

(To be completed by attorney for individual chapter 7 debtor(s) with primarily consumer debts.)

I, the attorney for the debtor(s) named in the foregoing petition, declare that I have informed the debtor(s) that (he, she, or they) may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under such chapter.

X **Not Applicable**
Signature of Attorney            Date

---

### PRIOR BANKRUPTCY CASE FILED WITHIN LAST 6 YEARS

| Location Where Filed | Case Number | Date Filed |
|---|---|---|
| | | |

FORM 1.   VOLUNTARY PETITION - Page 3                                   Name of Debtor(s):   Helen Dulek

Case Number:

| | | |
|---|---|---|
| Northern District of Illinois | 03 B 50346 | 12/15/2003 |
| Northern District of Illinois | 94 B 02005 | 1994 |

Case 04-38501    Doc 1    Filed 10/15/04    Entered 10/15/04 15:47:24    Desc Petition
Page 3 of 12
FORM 1.   VOLUNTARY PETITION - Page 3                                   Name of Debtor(s):   Helen Dulek
Case Number:

In re: Helen Dulek  
XXX-XX-1058

Case No. _____

# Schedule D - Creditors Holding Secured Claims

| CREDITOR'S NAME MAILING ADDRESS INCLUDING ZIP CODE | CO-DEBTOR | HUSBAND WIFE JOINT OR COMMUN. | CLAIM DATE, NATURE OF LIEN, DESCRIPTION AND MARKET VALUE OF PROPERTY SUBJECT TO LIEN | CONTINGENT UNLIQUIDATED DISPUTED | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|
| ACCT. NO. 0023317589<br>Bank of America<br>475 Cross Point Parkway<br>P.O. Box # 9000<br>Getzville, NY. 14068-9000 | | NO | Mortgage<br>Single Family Home<br>226 Nauvoo<br>Park Forest, IL.<br>Arrearages $6100.00<br>VALUE $ 120,000.00 | | 91,700.00 | 0.00 |
| ACCT. NO. 1847236<br>Car Max Auto Finance<br>P.O. Box # 440609<br>Kennesaw, GA. 30610 | | NO | Purchase Money<br>1999 Dodge Durango<br>VALUE $ 6,000.00 | | 11,325.00 | 0.00 |
| ACCT. NO. 1002501102<br>Daimler-Chrysler Financial Co.<br>Trustee PaYment Dept 100301<br>P.O. Box # 55000<br>Detroit, MI. 48255-1003 | | YES | Purchase Money<br>1/2 interest in 1999 Dodge Intrepid<br>VALUE $ 7,500.00 | | 4,609.00 | 0.00 |
| ACCT. NO. 03-18372-0<br>Irwin Home Equity<br>C/o Blitt and Gaines P.C.<br>318 W. Adams Street<br>Suite 1600<br>Chicago, IL. 60606 | | NO | Mortgage<br>Single Family Home<br>226 Nauvoo<br>Park Forest, IL.<br>Arrearages $2700.00<br>VALUE $ 120,000.00 | | 23,476.00 | 0.00 |

Subtotal (Total of this page)   131,110.00

TOTAL   131,110.00

Schedule D - Page 1 of 1

In re: Helen Dulek
XXX-XX-1058

Case No. _____

# Schedule E - Creditors Holding Unsecured Priority Claims

[X] Check this box if debtor has no creditors holding unsecured priority claims to report on this Schedule E.

# Types of Priority Claims

[ ]  Extensions of credit in an involuntary case

Claims arising in the ordinary course of the debtor's business or financial affairs after the commencement of the case but before the earlier of the appointment of a trustee or the order for relief. 11 U.S.C. § 507(a)(2).

[ ]  Wages, salaries, and commissions

Wages, salaries, and commissions, including vacation, severance, and sick leave pay owing to employees and commissions owing to qualifying independent sales representatives up to $4000* per person earned within 90 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(3).

[ ]  Contributions to employee benefit plans

Money owed to employee benefit plans for services rendered within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(4).

[ ]  Certain farmers and fishermen

Claims of certain farmers and fishermen, up to $4000* per farmer or fisherman, against the debtor, as provided in 11 U.S.C. § 507(a)(5).

[ ]  Deposits by individuals

Claims of individuals up to $1800* for deposits for the purchase, lease, or rental of property or services for personal, family, or household use, that were not delivered or provided. 11 U.S.C. § 507(a)(6).

[ ]  Alimony, Maintenance, or Support

Claims of a spouse, former spouse, or child of the debtor for alimony, maintenance, or support, to the extent provided in 11 U.S.C. § 507(a)(7).

[ ]  Taxes and Other Certain Debts Owed to Governmental Units

Taxes, customs duties, and penalties owing to federal, state, and local governmental units as set forth in 11 U.S.C. § 507(a)(8).

[ ]  Commitments to Maintain the Capital of an Insured Depository Institution

Claims based on commitments to the FDIC, RTC, Director of the Office of Thrift Supervision, Comptroller of the Currency, or Board of Governors of the Federal Reserve System, or their predecessors or successors, to maintain the capital of an insured depository institution. 11 U.S.C. § 507 (a)(9).

[ ]  Other Priority Debts

Schedule E - Page 1 of 1

In re: Helen Dulek  
XXX-XX-1058

Case No. _____

# Schedule F - Creditors Holding Unsecured Nonpriority Claims

| CREDITOR'S NAME MAILING ADDRESS INCLUDING ZIP CODE | CO-DEBTOR | HUSBAND WIFE JOINT OR COMMUN. | DATE CLAIM WAS INCURRED, AND CONSIDERATION FOR CLAIM, IF CLAIM IS SUBJECT TO SETOFF, SO STATE | CONTINGENT UNLIQUIDATED DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|
| ACCT. NO.<br>Aspire Visa<br>P.O. Box # 105555<br>Atlanta, GA. 30348-5341 | | NO | Credit Card Purchases | | 4,304.00 |
| ACCT. NO.<br>Capital One Bank<br>P.O. Box # 85064<br>Glen Allen, VA. 23058 | | NO | Credit Card Purchases | | 6,522.00 |
| ACCT. NO. 4559-5345-0060-2862<br>ECAST Settlement Corp.<br>P.O. Box #35480<br>Newark, NJ. 07193-5480 | | NO | Credit Card Purchases | | 1,393.00 |
| ACCT. NO.<br>Home Depot<br>P.O. Box #103047<br>Roswell GA. 30076 | | NO | Credit Card Purchases | | 1,412.00 |
| ACCT. NO.<br>Retailers National Bank<br>C/o Weinstein Treiger & Riley<br>2101 Fourth Ave. 900<br>Seattle WA. 98121-0000 | | NO | Credit Card Purchases | | 3,263.00 |
| | | | | Subtotal<br>(Total of this page) | 16,894.00 |
| | | | | TOTAL | 16,894.00 |

Schedule F - Page 1 of 1

UNITED STATES BANKRUPTCY COURT
Northern District of Illinois
Eastern Division

In re: Helen Dulek
XXX-XX-1058

Case No.

Chapter 13

# STATEMENT OF ATTORNEY FOR PETITIONER PURSUANT TO BANKRUPTCY RULE 2016(b)

The undersigned, pursuant to 11 U.S.C. § 329(a) and Bankruptcy Rule 2016(b), states that:

1) The undersigned is the attorney for the debtor(s) in this case.

2) The compensation paid or agreed to be paid by the debtor(s) to the undersigned is:

   a) for legal services rendered or to be rendered in contemplation of and in connection with this case   $   2,700.00

   b) prior to filing this statement, debtor(s) have paid   $   0.00

   c) the unpaid balance due and payable is   $   2,700.00

3) $   194.00 of the filing fee in this case has been paid.

4) The services rendered or to be rendered include the following:

   a) Analysis of the financial situation, and rendering advice and assistance to the debtor(s) in determining whether to file a petition under Title 11, United States Code.

   b) Preparation and filing of the petition, schedules of assets and liabilities, statement of affairs, and other documents required by the court.

   c) Representation of the debtor(s) at the first meeting of creditors.

5) The source of payments made by the debtor(s) to the undersigned was from earnings, wages and compensation for services performed, and *

   **NONE**

6) The source of payments to be made by the debtor(s) to the undersigned for the unpaid balance remaining, if any, will be from earnings, wages and compensation for services performed, and

   **NONE**

7) The undersigned have not shared or agreed to share, with any other person, other than with members of their law firm or corporation, any compensation paid or to be paid except as follows:

   **NONE**

Dated: 10/15/04

Martin Y. Joseph, Bar No: 01369563
Attorney for Debtor(s)

* If a fee is paid by transfer of property or if security is taken, give details here and in appropriate section of Schedules or Statement of Affairs.

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**


**RIGHTS AND RESPONSIBILITIES AGREEMENT BETWEEN**
**CHAPTER 13 DEBTORS AND THEIR ATTORNEYS**
(Model Retention Agreement)


Chapter 13 gives debtors important rights, such as the right to keep property that could otherwise be lost through repossession or foreclosure—but Chapter 13 also puts burdens on debtors, such as the burden of making complete and truthful disclosures of their financial situation. It is important for debtors who file a Chapter 13 bankruptcy case to understand their rights and responsibilities in bankruptcy. In this connection, the advice of an attorney is often crucial. Debtors are entitled to expect certain services to be performed by their attorneys, but again, debtors have responsibilities to their attorneys also. In order to assure that debtors and their attorneys understand their rights and responsibilities in the Chapter 13 process, the judges of the Bankruptcy Court for the Northern District of Illinois have approved the following agreement, setting out the rights and responsibilities of both debtors in Chapter 13 and their attorneys. By signing this agreement, debtors and their attorneys accept these responsibilities.


*BEFORE THE CASE IS FILED*

THE DEBTOR AGREES TO:

1. Discuss with the attorney the debtor's objectives in filing the case.

2. Provide the attorney with full, accurate and timely information, financial and otherwise, including properly documented proof of income.

THE ATTORNEY AGREES TO:

1. Personally counsel the debtor regarding the advisability of filing either a Chapter 13 or a Chapter 7 case, discuss both procedures (as well as non-bankruptcy options) with the debtor, and answer the debtor's questions.

2. Personally explain to the debtor that the attorney is being engaged to represent the debtor on all matters arising in the case, as required by Local Bankruptcy rule and explain how and when the attorney's fees and the trustee's fees are determined and paid.

3. Personally review with the debtor and sign the completed petition, plan, statements, and schedules, as well as all amendments thereto, whether filed with the petition or later. (The schedules may be initially prepared with the help of clerical or paralegal staff of the attorney's office, but personal attention of the attorney is required for the review and signing.)

4. Timely prepare and file the debtor's petition, plan, statements, and schedules.

5. Explain to the debtor how, when, and where to make all necessary payments, including both payments that must be made directly to creditors and payments that must be made to the Chapter 13 trustee, with particular attention to housing and vehicle payments.

6. Advise the debtor of the need to maintain appropriate insurance.

### *AFTER THE CASE IS FILED*

#### THE DEBTOR AGREES TO:

1. Make the required payments to the trustee and to whatever creditors are being paid directly, or, if required payments cannot be made, to notify the attorney immediately.

2. Appear punctually at the meeting of creditors (also called the "341 meeting") with recent proof of income and a picture identification card. (If the identification card does not include the debtor's social security number, the debtor will also bring to the meeting a social security card.) The debtor must be present in time for check-in and when the case is called for the actual examination.

3. Notify the attorney of any change in the debtor's address or telephone number.

4. Inform the attorney of any wage garnishments or liens or levies on assets that occur or continue after the filing of the case.

5. Contact the attorney immediately if the debtor loses employment, has a significant change in income, or experiences any other significant change in financial situation (such as serious illness, lottery winnings, or an inheritance).

6. Notify the attorney if the debtor is sued or wishes to file a lawsuit (including divorce).

7. Inform the attorney if any tax refunds to which the debtor is entitled are seized or not received when due from the IRS or Illinois Department of Revenue.

8. Contact the attorney before buying, refinancing, or selling real property, and before entering into any loan agreement.

#### THE ATTORNEY AGREES TO:

1. Advise the debtor of the requirement to attend the meeting of creditors, and notify the debtor of the date, time, and place of the meeting.

2. Inform the debtor that the debtor must be punctual and, in the case of a joint filing, that both spouses must appear at the same meeting.

2

3. Provide knowledgeable legal representation for the debtor at the meeting of creditors (in time for check-in and the actual examination) and, unless excused by the trustee, for the confirmation hearing.

4. If the attorney will be employing another attorney to attend the 341meeting or any court hearing, personally explain to the debtor in advance, the role and identity of the other attorney and provide the other attorney with the file in sufficient time to review it and properly represent the debtor.

5. Timely submit to the Chapter 13 trustee properly documented proof of income for the debtor, including business reports for self-employed debtors.

6. Timely respond to objections to plan confirmation and, where necessary, prepare, file, and serve an amended plan.

7. Timely prepare, file, and serve any necessary amended statements and schedules and any change of address, in accordance with information provided by the debtor.

8. Monitor all incoming case information (including, but not limited to, Order Confirming Plan, Notice of Intent to Pay Claims, and 6-month status reports) for accuracy and completeness. Contact the trustee promptly regarding any discrepancies.

9. Be available to respond to the debtor's questions throughout the term of the plan.

10. Prepare, file, and serve timely modifications to the plan after confirmation, when necessary, including modifications to suspend, lower, or increase plan payments.

11. Prepare, file, and serve necessary motions to buy or sell property and to incur debt.

12. Object to improper or invalid claims.

13. Timely respond to the Chapter 13 trustee's motions to dismiss the case, such as for payment default, or unfeasibility, and to motions to increase the percentage payment to unsecured creditors.

14. Timely respond to motions for relief from stay.

15. Prepare, file, and serve all appropriate motions to avoid liens.

16. Provide any other legal services necessary for the administration of the case before the bankruptcy court.

3

ALLOWANCE AND PAYMENT OF ATTORNEYS' FEES *[Check one option.]*

☐ Option A: flat fee through confirmation      ☐ Option B: flat fee through case closing

1a. *Pre-confirmation services.* Any attorney retained to represent a debtor in a Chapter 13 case is responsible for representing the debtor on all matters arising in the case, unless otherwise ordered by the court. For all of the services outlined above, required to be provided before confirmation of a plan, the attorney will be paid a fee of $ _____ . In extraordinary circumstances, such as extended evidentiary hearings or appeals, the attorney may apply to the court for additional compensation for pre-confirmation services. Any such application must be accompanied by an itemization of the services rendered, showing the date, the time expended, and the identity of the attorney performing the services. The debtor must be served with a copy of the application and notified of the right to appear in court to object.

1b. *Post-confirmation services.* Compensation for services required after confirmation will be in such amounts as are allowed by the court, on application accompanied by an itemization of the services rendered, showing the date, time, and the identity of the attorney performing the services. The debtor must be served with a copy of the application and notified that the debtor may appear in court to object.

1. Any attorney retained to represent a debtor in a Chapter 13 case is responsible for representing the debtor on all matters arising in the case unless otherwise ordered by the court. For all of the services outlined above, the attorney will be paid a fee of $ 2700.00. In extraordinary circumstances, such as extended evidentiary hearings or appeals, the attorney may apply to the court for additional compensation for these services. Any such application must be accompanied by an itemization of the services rendered, showing the date, the time expended, and the identity of the attorney performing the services. The debtor must be served with a copy of the application and notified of the right to appear in court to object.

2. *Retainers.* The attorney may receive a retainer or other payment before filing the case, but may not receive fees directly from the debtor after the filing of the case. In any application for fees, whether or not requiring an itemization, the attorney shall disclose to the court any fees paid by the debtor prior to the case filing.

3. *Improper conduct by the attorney.* If the debtor disputes the sufficiency or quality of the legal services provided or the amount of the fees charged by the attorney, the debtor may file an objection with the court and request a hearing.

4

4. *Improper conduct by the debtor.* If the attorney believes that the debtor is not complying with the debtor's responsibilities under this agreement or is otherwise not engaging in proper conduct, the attorney may apply for a court order allowing the attorney to withdraw from the case.

5. *Discharge of the attorney.* The debtor may discharge the attorney at any time.

Date:

10/15/04

Signed: *[signature]*

                                                  Attorney for Debtor(s)

Debtor(s)